# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MISTY R. BRINSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-11-1004-R |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff filed this action seeking judicial review of a decision of the Commissioner of Social Security denying her application for supplemental security income benefits. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On April 30, 2012, Judge Purcell filed a Report and Recommendation wherein he recommended that the decision of the Commissioner be affirmed. The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation, giving rise to the Court's obligation to conduct a *de novo* review.

Plaintiff challenges the Report and Recommendation on all three grounds initially raised before him. She contends the Magistrate Judge erred in his assessment of the administrative law judge's handling of the opinion of her treating physician, in his opinion regarding demands of her past relevant work, and in his credibility analysis of Plaintiff. Because the Court finds Plaintiff is entitled to reversal and remand on the second of these

arguments, the Court need only address that argument.

As noted, Plaintiff argues the administrative law judge erred in failing to consider the mental requirements of her past relevant work before concluding that she could engage in work as a cashier II at step 4 of the sequential analysis. In assessing Plaintiff's residual functional capacity, the administrative law judge concluded she could "perform a limited range of light work as defined in 20 C.F.R. § 416.967(b)." Administrative Record , p. 16. He included only physical limits in her residual functional capacity. He stated with regard to her mental health, that her "mental condition is slightly more serious than first thought. The Administrative Law Judge finds the claimant does have medically determinable impairments of depression and anxiety, not otherwise specified, but these are not severe." Administrative Record, P. 21. He did not inquire of the vocational expert regarding the mental demands of Plaintiff's past relevant work. In adopting the vocational expert's testimony, the administrative law judge concluded:

> The vocational expert testified that the claimant's past relevant work is classified in the Dictionary of Occupational Titles (DOT) as a cashier II, and it is described as light unskilled work. The vocational expert responded to questions of the Administrative Law Judge concerning a hypothetical individual with the same age, education and past relevant work as the claimant. She testified that based upon the claimant's residual functional capacity, such an individual could perform her past relevant work as a cashier as she performed it and as generally performed in the national economy.

Administrative Record, p. 22. The Tenth Circuit recently considered a similar case in determining whether the position of the Commissioner was "substantially justified" for purposes of attorney's fees under the Equal Access to Justice Act. In *Dorman v. Astrue*, 435

Fed.Appx. 792 (10th Cir. Aug. 16, 2011), the district court had concluded that the claimant's depression and obsessive-compulsive disorder would not significantly affect his ability to work and therefore the administrative law judge had appropriately excluded any mental limitations from his residual functional capacity. *Id.* at 794. The Tenth Circuit disagreed, noting that the administrative law judge had not concluded that the claimant's "mental impairments would have 'no impact' on his ability to work.[1]" *Id.* at 795.

> Under the regulations, an impairment that "does not significantly limit [the claimant's] physical or mental ability to do basic work activities" is classified as non-severe. 20 C.F.R. § 404.1521(a). Non-severe but medically determinable mental impairments must be taken into account when establishing a claimant's [residual functional capacity]. *See id.* § 404.1545(A)(2). We therefore find ourselves unable to agree with the district court's conclusion that the [administrative law judge] need not consider as part of his [residual functional capacity] mental limitations that do not "significantly affect" the claimant's ability to engage in work-related activities. Rather, the [administrative law judge] is required to do so.

*Id.*[2] Once the administrative law judge concluded that Plaintiff had some degree of mental impairment he became "obligated to obtain a precise description of the particular job duties which are likely to produce tension and anxiety in order to determine if the claimant's mental

---

[1] In this case, the administrative law judge noted that he was adopting the opinions of Dr. Swink, a consultative examiner, who completed a Medical Source Statement of Ability to Do Work-Related Activities (Mental). Administrative Record, p. 22. He noted that Dr. Swink attributed both mild and moderate limitations due to Plaintiff's depression and anxiety, and that the definition of "moderate" on the form used by Dr. Swink means "there is more than a slight limitation in this area but the individual is still able to function satisfactorily." *Id.* at 22. Despite adopting the finding that Plaintiff had more than a "slight limitation" with regard to the ability to respond appropriately to usual work situations and to changes in routine work setting, the administrative law judge made no findings about the impact of this limit on Plaintiff's ability to perform her past relevant work.

[2] The regulations at issue in *Dorman* are substantively identical to those at issue in this case, but numbered differently, because this is a supplemental security income claim not a disability insurance claim.

impairment is compatible with the performance of his past relevant work." *Id.* (internal quotations omitted). In this case, as noted above, the administrative law judge did not find that Plaintiff suffered no mental impairments, rather he found her mental impairments not severe without sufficient additional findings.[3]

> [W]here the claimant suffers from a medically-determinable mental impairment, before finding that he can return to is past relevant work the [administrative law judge] must determine the mental demands of that work and whether the claimant can meet them.

*Id.* at 796. The administrative law judge in this case did not inquire into the demands of Plaintiff's past relevant work and as a result, the Court finds that remand of this matter is required as a result.

The Court hereby declines to adopt the Report and Recommendation, the decision of the Commissioner is hereby reversed and remanded for further proceedings. Judgment shall be entered in Plaintiff's favor.

IT IS SO ORDERED this 25th day of May, 2012.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[3] The administrative law judge noted at page 15 of the Administrative Record that the Plaintiff had a medically determinable mental impairment that was "non-severe." He then stated that
> The limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph B of the adult mental disorders listings in 12.00 of the Listing of Impairments (SSR 96-8p).

He specifically rejected to consultative examiner's finding that Plaintiff did not have a medically determinable mental impairment. Administrative Record, pp. 20-21.